# Richmond.

## CITY OF NORFOLK V. NORFOLK COUNTY WATER COMPANY.

### March 14, 1912.

#### Absent, Cardwell, J.

1. EQUITY PLEADING—*Effect of Exceptions to Answer.*—Exceptions filed to an answer in chancery have the effect of a demurrer to other pleadings, and admit as true all the statements and allegations of the answer which are relevant and properly pleaded.

2. MUNICIPAL CORPORATIONS—*Governmental Powers—Restrictions—Implications.*—A municipal corporation, clothed with large governmental powers, vitally affecting the public interests, such as furnishing a sufficient supply of water, not only for the public health, but also for the extinguishment of fire and the prevention of conflagrations, cannot fail to exercise those powers, nor can it be shorn of its powers by implications or presumptions. If, in particular circumstances, it is sought to restrict the exercise of its public powers, the right to do so must be manifested in clear and unmistakable terms.

3. MUNICIPAL CORPORATIONS—*Laying Water Pipes—Case in Judgment—Exclusive Privilege.*—A land company adjacent to the city of Norfolk laid off its land into blocks, lots, streets, and alleys, and recorded a map, upon which it reserved to itself the fee in all the streets, and the right to lay gas and water pipes in the streets, and covenanted that it would not at any time thereafter convey or vest in any other person or corporation the right to lay and maintain water pipes in said streets. Thereafter the land owned by the land company was, by act of the legislature, annexed to the city of Norfolk. The annexation act provides that nothing therein contained shall be construed as affecting any easements theretofore granted in the streets of the annexed territory, and that the city shall not acquire any water mains now laid in such territory except by condemnation proceedings. After the annexation the city contracted with the water company to lay mains and furnish fire hydrants in the annexed territory, but the company was unable to fulfill its contract, because it could not supply sufficient water pressure. The land company conveyed to the city all of its reservations and dedicated all of its streets to the public, "save only as to such easements and rights in said streets as the grantor may have conveyed to others." Under these circumstances

the water company claimed the exclusive right to lay and maintain water pipes in the streets of the annexed territory, and that to allow the city to lay water pipes in said streets would result in the taking of its property without due process of law.

*Held:* The terms of the grant and covenant in the deed to the water company, the terms of the annexation act, and the saving clause in the deed from the land company to the city of its reservations, did not convey an exclusive privilege to the water company; and even if the laying of pipes in said streets for fire protection were to eventuate in the city's becoming a dangerous competitor of the water company, such a consideration could not control or affect the legal rights of the parties.

4. MUNICIPAL CORPORATIONS—*Annexation of Territory—Construction of Statute—Presumptions—Exclusive Rights—Governmental Powers.*— Statutes annexing territory to a city are to be liberally construed in favor of the public. The presumptions are all against the legislature granting exclusive rights, and against the imposition of limitations upon the powers of government.

Appeal from a decree of the Circuit Court of the city of Norfolk. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Hank & Hank* and *Thomas H. Willcox,* for the appellants.

*Pender & Way* and *Jeffries, Wolcott, Wolcott & Lankford,* for the appellee.

HARRISON, J., delivered the opinion of the court.

This appeal involves the right of the city of Norfolk to lay and maintain water pipes and to install fire hydrants in Thirty-Seventh street of the Seventh Ward of that city.

The case was heard upon the bill of the Norfolk County Water Company, the answer thereto of the city of Norfolk, the exhibits filed with each, and exceptions taken by the complainant to the answer of the city. These exceptions had the effect of a demurrer to other pleadings, and admitted as true all the statements and allegations of the answer which were relevant and properly

pleaded.　Upon the hearing the circuit court sustained the exceptions, struck out the answer, and, in accordance with the prayer of the bill, perpetually enjoined the defendant from laying and constructing water pipes or mains, and from installing fire hydrants in Thirty-Seventh street of the Seventh Ward of the city. From that decree the city of Norfolk has appealed.

The material facts established by the pleadings are that the Kensington Company, a corporation engaged in the real estate business, owned a tract of one hundred acres of land near the city of Norfolk, which it had laid off into blocks, lots, streets, and alleys, according to the specifications of a plat which it had recorded in the clerk's office of Norfolk county.　On the face of this map the Kensington Company reserved to itself the fee in all of the streets designated thereon, together with the right to lay railroad tracks, sewer, gas and water pipes; to erect telegraph and electric light poles and wires, and for such other reasonable purposes as to it might seem necessary.

It further appears that the Kensington Company, with a view to furnishing purchasers of its lots with water, by deed of January 4, 1900, conveyed to the appellee water company the right to go upon and under certain of its streets for the purpose of laying, constructing, and maintaining water pipes.　This deed contains a covenant that the grantor will not at any time thereafter convey or otherwise vest in any other person or corporation the right to lay and maintain water pipes in the streets mentioned.　In a little more than two years after this deed was made and recorded this property of·the Kensington Company, together with other suburban territory, was, by an act of the legislature, approved March 14, 1902, annexed to and made part of the city of Norfolk, and designated by the act as the Park Place or Seventh Ward of that city.　Acts 1901–2, p. 171.

This annexation act, among other things, provides that nothing therein contained shall be construed as affecting any easements theretofore granted in the streets of the annexed territory, and that the city of Norfolk shall not acquire any water mains now laid in such territory, except in the manner prescribed by law for acquiring private property for the use of the city; and if the city shall not have the right to lay its water, gas, sewer, or other pipes

in any streets in the annexed territory, it may condemn such right without condemning the fee in the streets.

It further appears that in June, 1902, the local board of improvement of the Seventh Ward, for the purpose of furnishing fire protection to the citizens of that ward, entered into a contract with the appellee, by which it was agreed that the appellee would furnish thirty or more fire hydrants, in consideration of an annual payment by the city of $45.00 for each hydrant, to be located at the points designated in the contract. The appellee failed to keep and perform this contract, and has removed the hydrants established in pursuance thereof, because it could not supply sufficient water pressure to make them of any value as a protection against fire.

It further appears that, by deed of April 29, 1903, the Kensington Company conveyed to the city of Norfolk all of the reservations already mentioned as reserved on its plat, and by the same deed fully dedicated all of the streets designated on such plat to the public, "save only as to such easements and rights in said streets as the grantor may have conveyed to others."

The contention of the Norfolk County Water Company is that it has the exclusive right to lay and maintain water pipes in Thirty-Seventh street, which is one of those embraced in the territory known as Kensington, and that to allow the city of Norfolk to lay water pipes in that street would result in the taking of its property without due process of law. In support of this contention reliance is placed upon the terms of the grant and covenant contained in the deed under which appellee holds, the terms of the annexation act, and the saving clause in the deed of the Kensington Company conveying to the city of Norfolk its reservations.

The city of Norfolk is vested, under the law, with large governmental powers, vitally affecting the public interests, which it cannot fail to exercise for the promotion of the safety and welfare of its citizens. One of the paramount obligations of such a municipality is to furnish its citizens (as far as possible) with a sufficient supply of water, not only for the public health, but for the public safety as well, in order to afford the means of extinguishing fires and preventing conflagrations.

A municipal corporation, when exerting its functions for the public good, cannot be shorn of its powers by implications or

presumptions. If, in particular circumstances, it is sought to restrict the exercise of its public powers, the right to do so must be manifested in clear and unmistakable terms.

The city of Norfolk does not derive its rights in the premises from any individual or corporation. Such rights as it possesses have come to it under and by virtue of the annexation act, which made Kensington and other territory its Seventh Ward.

It is clear that the granting clause of the deed under which appellee holds does not confer upon it an exclusive right to lay and maintain water pipes in Thirty-Seventh street; the grant is merely of "a right of way" on and under the streets for the purpose of laying and maintaining water pipes. Nor does the covenant in such deed vest in the appellee the exclusive right to lay and maintain the pipes in question. The Kensington Company covenanted that it would not convey the same privilege to any other person or corporation, but this was by no means an agreement that it would never construct and maintain in its streets water pipes of its own. So far as any inhibition in this covenant is concerned, the Kensington Company had thereafter the same right, in itself, to lay water pipes in its streets that it had before the covenant was made. The appellees did not, therefore, have the exclusive right claimed, but enjoyed a privilege that, to say the least, was equally shared with its grantor.

The claim that the language of section 15 of the annexation act justifies the contention that appellee has the exclusive right to lay water pipes in Thirty-Seventh street cannot be sustained. It is well settled that such acts are to be liberally construed in favor of the public. The restraint contended for is upon a governmental agency, and cannot be presumed or readily implied. The presumptions are all against the legislature granting exclusive rights, and against the imposition of limitations upon the powers of government. *Water Company* v. *Knoxville,* 200 U. S. 22, 50 L. Ed. 353, 26 Sup. Ct. 224. It requires, however, no strict construction to hold that the act in question does not confer upon the appellee the exclusive right claimed by it. The legislature recognized that, at the time of the annexation, certain rights in the matter of laying pipes in the streets had already been acquired, and the only purpose of section 15 of the act was to pro-

tect such rights by providing, as it did, that the city of Norfolk should not affect or acquire them except by purchase or con- demnation proceedings—in other words, that if the city desired to own or use such pipes, it must acquire them in the manner pre- scribed by law for acquiring private property for the use of the city. There has been no attempt to use or interfere with the easement claimed by appellee, nor to acquire any water mains laid by others. The city is merely attempting to discharge the unquestioned public duty of laying a water main in one of its streets, for the purpose of furnishing the citizens of its Seventh Ward with protection against fire. Nor does the saving clause in the deed from the Kensington Company to the city of Norfolk furnish any ground in support of the exclusive right claimed by the appellee. The city of Norfolk does not claim the right to lay water mains in Thirty-Seventh street by virtue of this deed, but claims such right under the act which had, before the deed was executed, made the territory through which the street ran a part of such city. This deed was manifestly intended to convey to the city any rights in its streets which the Kensington Company had not theretofore parted with, and to avoid any future effect of the reservations of rights on the plat in favor of the Kensington Company, by having that company convey them to the city. The language of the deed, that the grantor fully dedicates the streets to the public, "save only" as to such easements and rights in them as the grantor had before conveyed to others, was plainly not intended to vest in the appellee the exclusive right to lay water pipes in the streets.

It is admitted by the pleadings that appellee does not furnish, and is unable to furnish, the citizens of the Seventh Ward of the city of Norfolk with protection against fire, and yet it is argued that to permit the city to lay its own pipes in Thirty-Seventh street, connected with the city water supply, for the purpose of furnishing fire protection, would be to force appellee into competition with the city, and thereby destroy the valuable business it had built up by the expenditure of large sums of money. The record does not disclose how far, if at all, the city will compete with appellee by furnishing its citizens with fire protection, which appellee confesses its inability to furnish. If, however, the laying of pipes

for furnishing fire protection were to eventuate in the city's becoming a damaging competitor of appellee, such a consideration could not control or affect the legal rights of the parties.    *Water Company* v. *Knoxville, supra.*

Upon the whole case we are of opinion that the Norfolk County Water Company does not possess the exclusive right to lay water pipes in Thirty-Seventh street of the Seventh Ward of the city of Norfolk, and that, therefore, the exercise by the city of Norfolk of its right to lay water pipes in such street, for the purpose of furnishing its citizens with fire protection, is not an invasion of any legal right of the appellee, and is, therefore, not a taking of its property without due process of law.

The decree complained of must be reversed, and this court will enter such decree as the circuit court ought to have entered, dismissing the plaintiff's bill.

*Reversed.*